CHRISTOPHER HANES, ET AL. *v.* H. W. GARDNER.

**Vendees of Litigants Bound by Judgment Fixing Boundary of Land.**
    Where there is a suit to fix the boundary of certain land and all the owners of such land are parties to it, and by the judgment therein the boundary is fixed, such boundary is settled for all time and the vendees of such litigants must abide by such settlement.

APPEAL FROM WARREN CIRCUIT COURT.

September 20, 1883.

OPINION BY JUDGE PRYOR:

This is a controversy as to the boundaries of certain patents. The appellants claim under a patent issued to Skiles as assignee of Fearnster and the appellee under a patent issued to Skiles as assignee of Hamilton. The Fernster patent calls to run with the line of Hamilton's patent, and therefore Hamilton's patent boundary must control. Where the fourth course of Hamilton's patent is located court below adjudged that the seven post oaks in the Hamilton constitutes the subject of inquiry and is the controversy here. The the corner contended for by appellants is a real corner. It is evident from all this proof that appellee has never yielded his claim,

but has been asserting his right to the boundary of the Hamilton patent. In the year of 1838 the only child of Skiles, the assignee of both patents, sold to the Raglands the Fearnster survey, and when the conveyance was made it seems that it described the Hamilton patent instead of the Fearnster survey. After this Skiles sold the Hamilton survey to Lee and gave his bond for title. The Raglands entered on the Fearnster land and Lee on the Hamilton. It seems that Lee failed to pay his purchase-money notes, and in the litigation by Skiles or his assignee to recover the purchase-money it was ascertained that the Hamilton boundary had been conveyed to the Raglands, and in that litigation the dividing line between the two patents, and particularly the fourth corner of the Hamilton patent, was directly in issue.

The corner was settled or located at the point fixed by the chancellor in the present judgment, and this after a litigation to which the owners of the two parcels of land were all parties. We think that litigation settles this question, and that the vendees from those who were parties to that controversy must abide that judgment. Underwood after this purchased the land or a part of it, or rather sold the eastern part of the Hamilton survey to Gardner and Elrod; and while there is some proof showing that the surveyor fixed the corner at a different point, Underwood was not present, and these owners of the Hamilton patent have been claiming the corner fixed by the litigation as the real corner.

In that litigation Ragland was required to answer on oath and state if the land purchased by him of Skiles did not lie eastwardly of a north and south line beginning at six or seven post oaks marked as corner trees, etc., standing on the north side of the road leading from Bowling Green to Glasgow. Ragland answered admitting that the seven post oaks was the corner, as did the other defendants. Other litigation was had between Underwood, after he purchased, and one Saterfield about this boundary, and the court adjudged that these post oaks constituted the corner of the two patents.

The survey by Cox in 1880 shows the post oaks to be the true corner. They were marked (four of them) as corner trees in 1848. The marks were then old, and the proof in our opinion is conclusive of the question. This surveyor made the survey in 1848 with all the parties interested on the ground, and it seems to us there can be no mistake as to where the real corner is. In 1880 he planted a

stake at the corner, at the point where the corner was admitted to be in 1848, and this stake is the corner fixed by the judgment. It is not necessary to analyze the testimony further, or to allude to the other surveys made, as we think the litigation between all the parties in interest long before 1856 established the boundary, and that no estoppel has been pleaded by the appellants, nor any act done by the appellee that will preclude him from asserting his right to the small strip of land in dispute. Besides, the chancellor rendering this judgment knew the parties, the witnesses and their surroundings and was in a better condition to pass upon the questions of fact than this court. Still if the weight of the testimony was for the appellants we should reverse the judgment, but when the boundary was made a matter of record in 1848 and admitted by the parties and the surveyor making the survey then, testifying now as to the true corner, there can be but little doubt as to where the corner is.

The judgment below is *affirmed.*

*Clark & Guider, for appellants.*

*J. W. & G. R. Gorin, for appellees.*